UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

            Plaintiff,

    v.

L. HALL, *et al.*,

            Defendants.

Case No.  2:26-cv-1850-JDP (P)

ORDER

Plaintiff, a former state prisoner, brings this action alleging that defendants violated his constitutional rights by paroling him to San Bernadino County instead of Long Beach County. ECF No. 1 at 5.  The complaint fails to state a cognizable claim, and I will dismiss it with leave to amend.  Additionally, I will grant plaintiff's application to proceed *in forma pauperis*.[1]  ECF No. 2.

---

[1] There is some question whether plaintiff might qualify as a "three-striker" within the meaning of section 1915(g).  However, this section does not apply to plaintiff who, judging by his address, was not a prisoner at the time this complaint was filed. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a conviction or who have been detained for an alleged criminal law violation . . . .").

1

Screening Order

I.    Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    Analysis

Plaintiff alleges that defendants, all of whom are parole officers or parole units, violated his rights by declining to parole him to a county where his family, friends, and support system was located. ECF No. 1 at 5. Instead, they paroled him to San Bernadino County, where he

2

alleges that he was homeless and struggled to survive. *Id.* However, the Court of Appeals has held that parole officials are entitled to absolute immunity for the imposition of parole conditions. *See Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2014) ("We have held that absolute immunity extend[s] to parole officials for the imposition of parole conditions because that task is integrally related to an official's decision to grant or revoke parole, which is a quasi-judicial function.") (internal quotation marks omitted). Thus, it does not appear that plaintiff can state a cognizable claim against defendants based on their decision concerning where to parole him.

Out of an abundance of caution, I will dismiss plaintiff's complaint with leave to amend so that he may explain why, if at all, this action should proceed. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, and it should be filed on the form included with this order and be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5.   Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    May 26, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3