UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

Plaintiff,

v.

L. HALL, *et al.*,

Defendants.

Case No. 2:26-cv-1850-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a former state prisoner, brings this action alleging that defendants violated his constitutional rights by paroling him to San Bernadino County instead of Los Angeles County, thereby depriving him of the post-release support he needed. ECF No. 10 at 5. The complaint, like its predecessor, fails to state a cognizable claim, and now I recommend that it be dismissed without leave to amend for failure to state a claim.

Screening Order

I. Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

As before, plaintiff alleges that defendants, most of whom are parole officers, violated his rights by declining to parole him to a county where his family, friends, and support system was located. ECF No. 10 at 5. Instead, they paroled him to San Bernadino County, where he alleges that he was homeless and subjected to various forms of violence. *Id.* As I explained in my previous screening order, however, the Ninth Circuit has held that parole officials are entitled to absolute immunity for the imposition of parole conditions. *See Thornton v. Brown*, 757 F.3d 834, 840 (9th Cir. 2014) ("We have held that absolute immunity extend[s] to parole officials for the imposition of parole conditions because that task is integrally related to an official's decision to

grant or revoke parole, which is a quasi-judicial function.") (internal quotation marks omitted). Indeed, other district courts in this circuit have explicitly held that there is no federal right to be paroled to any particular location. *See Kevakian v. Kennedy*, No. C 94-20382 JW, 1995 U.S. Dist. LEXIS 21694, *28 (N.D. Cal. Jan. 5, 1995) ("There is no federal constitutional right to be paroled in a particular location."); *see also Bagley v. Harvey*, 718 F.2d 921, 924 (9th Cir. 1983) ("[A]n individual's constitutional right to travel, having been legally extinguished by a valid conviction followed by imprisonment, is not revived by the change in status from prisoner to parolee."). And, to the extent plaintiff's claims are premised on a violation of state law, particularly California Penal Code Section 3003, to which he cites several times, ECF No. 10 at 5-6, such allegations do not give rise to a viable section 1983 claim. *See Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law.").

Plaintiff also alleges that all of the defendants conspired to place him in San Bernadino County in retaliation for his filing of grievances, in violation of the First Amendment. ECF No. 10 at 13. But again, parole officials are entitled to immunity for the imposition of parole conditions and plaintiff's attempt to circumvent this immunity by recasting his claim as one for retaliation is not well taken. Moreover, plaintiff's allegations of retaliation are threadbare. He alleges that defendants knew of his various grievances and civil actions and told him that they were choosing to retaliate against him on that basis, but he does not state when these conversations took place or how he knows each defendant was involved.

Finally, I note that plaintiff alleges that defendants violated his Eighth Amendment rights by failing to protect him from the violence he encountered as a homeless parolee in San Bernadino County, but he cites no authority, and I am not aware of any, requiring parole officers to act as protection for a parolee throughout his daily life. Neither does plaintiff allege that any defendant was aware of any specific threat against him and failed to act to stop it.

I have already afforded plaintiff a chance to amend, and the same deficiencies that doomed his first complaint remain in his amended pleading. I find that further opportunities to amend would be futile.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this case.

Further, it is RECOMMENDED that plaintiff's amended complaint, ECF No. 10, be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE